## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CR-251-CVE |
| ) | |
| CHRISTOPHER R. PARKS, ) | |
| GARY ROBERT LEE, ) | |
| JERRY MAY KEEPERS, ) | |
| KRISHNA BALARAMA PARCHURI, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT PARCHURI'S MOTION TO DISMISS COUNT ONE OR TWENTY-FIVE OF THE SUPERSEDING INDICTMENT

Pursuant to Federal Rule of Criminal Procedure 12(B)(ii), Defendant Dr. Krishna Balarama Parchuri moves the Court to dismiss Count One or Count Twenty-Five of the Superseding Indictment (Dkt. # 48) on the grounds that those counts are multiplicious. In support, Dr. Parchuri states as follows:

### I.     BACKGROUND

Dr. Parchuri, along with three co-defendants, is charged, *inter alia*, with two counts of conspiracy related to allegations that he and others conspired to pay kickbacks in exchange for referrals of patients to certain pharmacies for the provision of items and services which may be paid for by a federal health care or health care benefit program. These counts, Counts One and Twenty-Five of the Superseding Indictment (the "Conspiracy Counts"), charge conspiracy to defraud the United States

in violation of 18 U.S.C. §§ 371 and 372 (Count One) and conspiracy to violate the Anti-Kickback Statute in violation of 18 U.S.C. § 1349 (Count Twenty-Five).

In support of Count One, the government alleges a purpose (Dkt. #48, ¶ 2), manner and means (Dkt. #48, ¶¶ 3-50), and overt acts. (*Id.* ¶¶ 51-52). In Support of Count Twenty-Five, the government simply incorporates by reference the allegations of Paragraphs 2 through 52. (*Id.* ¶¶ 57-59). The only difference between the two Conspiracy Counts is the statute under which the offenses are charged and that, instead of a purpose, manner and means, and "overt acts" as alleged in Count One, in Count Twenty-Five, a purpose, manner and means, and "the scheme" are alleged. (*Id.* at ¶ 59). The underlying factual allegations are otherwise identical, with no additional or different facts alleged between the two Conspiracy Counts. The Conspiracy Counts are, therefore, multiplicious, and one must be dismissed.

## II.   ANALYSIS

An indictment is multiplicious if multiple counts cover the same criminal behavior; multiplicity is not fatal to the indictment as a whole, but results in dismissal of one of the multiplicious counts. *United States v. Frierson*, 698 F.3d 1267 (10th Cir. 2012) *citing United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007). The Tenth Circuit has articulated the test for multiplicity as follows: "whether the individual [acts alleged in the counts at issue] are prohibited, or the course of [conduct] which they constitute…. If the former, then each act is punishable separately. If the latter, there can be but one penalty." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) *citing United States. v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002). Although multiplicious charges may be submitted to a jury,

convictions under a multiplicious indictment violate the Double Jeopardy clause of the Fifth Amendment of the United States Constitution and the conviction on one such count must be vacated. *McCullough*, 457 F.3d at 1162.

In the context of conspiracies, when two conspiracies, without distinct agreements, are alleged in the same indictment, there may be multiplicity. *See, Frierson*, 698 F.3d at 1270. (holding jury not adequately instructed and could have found that drug conspiracies alleged in were not distinct, and dismissing one of the counts of conviction).

In evaluating the question of multiplicity, a court looks at whether each offense requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where multiple counts cover the same criminal behavior, the question is whether Congress intended multiple convictions and sentences under the relevant statutes. *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992), *on reh'g sub nom. United States v. Hill*, 971 F.2d 1461 (10th Cir. 1992).

Courts have generally concluded that violations of 18 U.S.C. § 371 (Count One) and 18 U.S.C. § 1349 (Count Twenty-Five) do not present a multiplicity problem because their elements are not identical. *See, e.g., United States v. Patel*, 694 F. App'x 991, 993–94 (6th Cir. 2017); *United States v. Morad*, No. CRIM.A. 13-101, 2014 WL 68704, at *4 (E.D. La. Jan. 8, 2014). However, precedent also establishes that the question is not just one of "the elements of the statutes, but also how the offenses were charged in the indictment and presented at trial." *United States v. Sanjar*, 876

F.3d 725, 736–37 (5th Cir. 2017), *cert. denied sub nom. Main v. United States*, 138 S. Ct. 1577, 200 L. Ed. 2d 765 (2018). Accordingly, if the charges and proofs are identical, convictions may be multiplicious even under statutes that may otherwise coexist.

Although in a different context, the Tenth Circuit has similarly taken the approach of examining the allegations of the indictment in determining whether charges are multiplicious. *See, United States v. Wood*, 57 F.3d 913 (10th Cir. 1995) (violations of 21 U.S.C. §§ 856(a)(1) and (a)(2) may or may not be multiplicious depending on specific facts charged).

Dr. Parchuri does not dispute that 18 U.S.C. § 371 and 18 U.S.C. § 1349 do not have identical elements (for example, there is no overt act requirement under 18 U.S.C. § 1349; *see, United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2015). But the way the government has charged the two counts – incorporating all allegations of Count One by reference into Count Twenty-Five – creates the risk that, ultimately, only one offense may be proven, but Dr. Parchuri could be convicted and sentenced twice. The government should therefore be required to choose which of these two counts on which it would like to proceed, and the other should be dismissed.

### III.   CONCLUSION

The government has not alleged two offenses in the two Conspiracy Counts. It has alleged one conspiracy, using wholly identical facts, and charged it under two separate statutes. Either Count One or Count Twenty-Five should be dismissed, so as to avoid the possibility that Dr. Parchuri is convicted of two crimes for one course of conduct.

WHEREFORE Dr. Parchuri prays that the Court dismiss Count One or County Twenty-Five of the Indictment.

RESPECTFULLY SUBMITTED,

/s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
Nora R. O'Neill, OBA No. 19901
FREDERIC DORWART, LAWYERS PLLC
Old City Hall Building
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
(918) 583-9922 – Telephone
pdemuro@fdlaw.com
noneill@fdlaw.com

Patrick S. Coffey, Illinois Bar #6188134
*Admitted Pro Hac Vice*
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500 – Telephone
patrick.coffey@huschblackwell.com

***Counsel for Defendant,
Krishna Balarama Parchuri***

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 1st day of October 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Paul DeMuro
Paul DeMuro