IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CR-251-CVE |
| | ) |
| CHRISTOPHER R PARKS; | ) |
| GARY ROBERT LEE; | ) |
| JERRY MAY KEEPERS; and | ) |
| KRISHNA BALARAMA PARCHURI, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are Defendant Parchuri's Motion to Set Witness and Exhibit Disclosure Deadlines ("Motion for Disclosure Deadlines") (ECF No. 117) and Defendant Parchuri's Third Motion for Identification and Disclosure of *Brady/Giglio* Material ("Motion for Identification") (ECF No. 118), which were referred to the undersigned.[1]

**I.      Motion for Disclosure Deadlines (ECF No. 117)**

Defendant Parchuri moves the Court to set the following deadlines: (1) United States to produce expert witness disclosures under Rule 16(a)(1)(G) at least 60 days before trial; (2) United States to produce any exhibits "it intends to introduce at trial via an expert" at least 60 days before trial; (3) parties to exchange witness lists and trial exhibits 30 days before trial; (4) supplementation of witness and exhibit lists at least 15 days before trial, with no further supplementation absent a showing of good cause.

Defendants Lee and Keepers concur with Defendant Parchuri's proposal. Defendant Parks concurs with Parchuri's proposal, except the "good cause" requirement for any supplementation

---

[1] A summary of the charges against each Defendant are set forth in prior Orders and will not be repeated here. *See, e.g.,* ECF No. 102.

of the witness and exhibit list after expiration of the last deadline in the Scheduling Order. Parks states that he "does not object to either the government or the defendants supplementing their witness and exhibit lists so long as the supplementation does not serve as a ruse for any party's deliberate failure . . . ." ECF No. 131 at 1. The United States concurs with Parchuri's proposal, except: (1) disclosure of expert exhibits 60 days before trial; and (2) the "good cause" requirement. The Court addresses these two disputed scheduling issues below.

    A.    "**Expert Exhibit**" **Disclosures**

Parchuri argues that the United States will present "forensic expert testimony that analyzes and summarizes [Oklahoma Compounding Pharmacy's] voluminous, confusing, and complex accounting and claims data" and argues that he cannot adequately prepare "rebuttal expert summaries and analysis without sufficient time to digest and react to the government's complex expert accounting and claims summaries." ECF No. 117 at 3. The United States disagrees that the case requires any forensic expert testimony. The United States argues that, in any event, "Parchuri does not cite a single case that would compel the government to tender all exhibits applicable to expert testimony sixty days before trial." ECF No. 126 at 2.

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the United States to provide a written summary of expert testimony, which "must describe the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications." The purpose of the expert disclosure requirement is to "ensure that an opposing party will have time to adequately prepare for trial (e.g., to prepare an effective cross-examination challenging the experts' qualifications and conclusions, or to obtain a competing expert)." *United States v. Sandoval*, 680 F. App'x 713, 716 (10th Cir. 2017) (internal quotations omitted). The advisory committee notes state that expert disclosures do not "extend to summary witnesses who may testify under Federal Rule of Evidence 1006 unless

2

the witness is called to offer expert opinions apart from, or in addition to, the summary evidence." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment.

The undersigned denies Defendants' request for disclosure of all "expert exhibits," along with the expert disclosures already required by Rule 16(a)(1)(G). The rule does not mention or require disclosure of exhibits that will be introduced via expert. In absence of express requirement by the rule, the Court finds Defendant Parchuri's request for disclosure of all "expert exhibits" to be potentially overbroad and premature. Instead, the issues raised by Parchuri are better decided with specific information regarding what (if any) expert disclosures are provided, and specific arguments as to whether such disclosures are adequate to serve the purpose of Rule 16(a)(1)(G). This aspect of the motion is denied without prejudice to seeking similar relief on an expedited basis once expert disclosures occur.

B.  **"Good Cause" Requirement**

The undersigned denies Parchuri's request to build in a "good cause" standard for any supplementation of witness and exhibit lists occurring after the last deadline in the scheduling order. The parties agreed to a supplementation deadline, and the Court finds any further relief unnecessary. The district judge shall retain broad discretion to permit or exclude witnesses and exhibits identified after such deadline, under the legal standard deemed appropriate upon the filing of any motion.

**II.  Motion for Identification (ECF No. 118)**

In this motion, Defendant Parchuri requests that the Court: (1) order the government to identify *Brady/Giglio* material within the production of "Grosvenor Gmail documents"; (2) preclude the United States from introducing at trial any evidence contained in the Grosvenor Gmail documents; and (3) grant such other appropriate relief in the interests of fundamental fairness and case management.

The Grosvenor Gmail documents consist of approximately 1 million pages of documents, which the United States obtained pursuant to a search warrant of Jake Grosvenor's ("Grosvenor") Gmail account. Grosvenor worked at Oklahoma Compounding Pharmacy and associated business entities from June 2013 to April 2019 as a comptroller/accountant. On October 28, 2019, the United States advised that the Grosvenor Gmail documents would be produced within five days. On January 24, 2020, the United States learned the documents had not been produced. The United States then notified defense counsel of the error and produced the documents on February 7, 2020.

The undersigned denies the Motion for Identification for two reasons. First, United States District Judge Claire Eagan denied Parchuri's original request for the United States to identify *Brady* material within documents previously produced. *See* ECF No. 102 at 6 & n.3 (reasoning that "defendants have cited no Supreme Court or Tenth Circuit precedent that plaintiff has any obligation to identify potentially exculpatory evidence in materials that have already been produced" and noting that "it is unlikely that there will be any evidence that is directly exculpatory in nature" and that it is "far more likely that defendants will rely on the absence of payments or kickbacks in attempt to prove their innocence"). Further, Judge Eagan found a second, similar request by Parchuri moot in light of granting a continuance, noting that "Parchuri is primarily complaining about the unfairness of being required to go to trial when all of the discovery has not been produced." ECF No. 113 at 9 n.2. Parchuri urges the Court to reach a different conclusion as to the Grosvenor Gmail documents, citing the recent decision of *United States v. Saffarina*, No. 19-216, 2020 WL 224599 (D.D.C. Jan. 15, 2020). However, *Saffarina* is a district court decision outside the Tenth Circuit, and it does not cause the undersigned to reconsider Judge Eagan's prior rulings.

Second, even applying the reasoning of *Saffarina*, the issue is moot with respect to the Grosvenor Gmail documents. In *Saffarina*, the court held that "the government's *Brady*

4

obligations require it to identify any known *Brady* material to the extent that the government knows of any such material in its production of approximately 3.5 million pages of documents." 2020 WL 224599, at *28. With respect to the documents at issue, the United States "can represent to this Court and Dr. Parchuri that it has no existing knowledge of *Brady/Giglio* documents contained in the Grosvenor Gmail documents." ECF No. 125 at 5. In its response brief, the United States listed documents within the Grosvenor Gmail documents that "appear pertinent to the instant motion" and stated that "it will provide Parchuri with indexes related to the documents that reference Parchuri, as well as documents that reference search terms related to federal health care programs." ECF No. 125 at 3-4. Further, since the time Parchuri filed the Motion for Identification, the Court further extended the Scheduling Order and set a new trial date of October 19, 2020, lessening any prejudice caused by the United States' delayed production of these documents.

**III.   Conclusion**

Defendant's Third Motion for Identification and Disclosure of *Brady/Giglio* Material (ECF No. 118) is denied.

Defendant Parchuri's Motion for Disclosure Deadlines (ECF No. 117) is granted in part and denied in part. The Court enters the following additional disclosure deadlines, as a supplement to the current Scheduling Order (ECF No. 130):

Plaintiff Produce Expert Witness and Exhibit Disclosures:   August 19, 2020

Parties Exchange Witness and Exhibit Lists:   September 17, 2020

Parties Exchange Supplemental Witness and Exhibit Lists:   October 5, 2020

**SO ORDERED** this 26th day of February, 2020.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT